IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

TEXAS ASSOCIATION OF REALTORS, INC.,
Plaintiff,

-vs-

Case No. A-16-CA-1304-SS

PDFFILLER, INC.,
Defendant.

## ORDER

BE IT REMEMBERED on the 4th day of August 2017, the Court held a hearing in the above-styled cause and the parties appeared through counsel. Before the Court are Defendant PDFfiller, Inc. (PDFfiller)'s Motion to Transfer Venue [#31], Plaintiff Texas Association of Realtors, Inc. (TAR)'s Response [#34] in opposition, and PDFfiller's Reply [#37] in support. Having considered the aforementioned documents, the case file as a whole, and the applicable law, the Court enters the following opinion and order.

### Background

Texas Association of Realtors (TAR) is a non-profit organization based in Austin, Texas. Am. Compl. [#29] at 1–2. TAR aims to promote and protect private-property rights by advocating for Texas realtors and property owners. *Id.* at 2. Additionally, TAR is a professional membership association for Texas realtors. *Id.* Among other things, TAR provides real estate forms, which it has copyrighted, and restricts the use of these forms to its members only. *Id.* at 2–3. Each form features the TAR logo and the word marks "Texas Association of Realtors®" and "TAR." *Id.* at 3–4.

PDFfiller is a start-up company providing an online system for filling in, editing, and modifying electronic PDF forms. Mot. Transfer [#31] at 1. PDFfiller has its headquarters and principal place of business in Massachusetts. *Id.* at 2.

TAR filed this lawsuit on December 12, 2016. *See* Compl. [#1]. TAR claims PDFfiller has wrongfully obtained TAR's forms and enables customers to use and edit them, thereby infringing on TAR's copyrights and trademarks as well as unfairly competing with TAR in violation of Texas law. Am. Compl. [#29] at 11–15. TAR seeks injunctive relief preventing PDFfiller from using TAR's forms; disgorgement of the profits PDFfiller has derived from the use of TAR's forms; compensation for damage to TAR's business, reputation, goodwill, and sales; statutory damages; and attorneys' fees. *Id.* at 15–20.

About six months before this case was filed, California Association of Realtors, Inc. (CAR) filed suit against PDFfiller, the CEO of PDFfiller, and the President of PDFfiller in the United States District Court for the District of Massachusetts (Massachusetts Lawsuit). Mot. Transfer [#31-2] Ex. A (CAR Compl.) at 1–2. CAR is a California non-profit trade association representing real estate professionals in California with its principal place of business in Los Angeles, California. *Id.* at 2, 4. CAR's name and logo are registered trademarks. *Id.* at 4. CAR also maintains a variety of forms, which it copyrighted, for use in all types of residential and commercial real estate transactions. *Id.* The use of these forms is restricted to CAR's members. *Id.* at 5.

In the Massachusetts Lawsuit, CAR asserts PDFfiller and its executives are engaging in a "counterfeiting operation." *Id.* at 9. Therefore, CAR claims PDFfiller and its executives are liable to CAR for copyright infringement; trademark infringement; violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201; and violation of Massachusetts Unfair Trade Practices Act

(MUTPA). *Id.* at 15–24. CAR seeks injunctive relief, "an accounting" of PDFfiller's profits, statutory damages, and treble damages, and attorneys' fees. *Id.* at 17, 20–24.

## Analysis

PDFfiller moves to transfer this case to the United States District Court for the District of Massachusetts under the first-to-file rule and, alternatively, under 28 U.S.C. § 1404(a). The Court examines each of these alleged grounds for transfer in turn.

### I. First-to-File Rule

### A. Legal Standard

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). This rule serves principles of comity, requiring federal district courts to exercise care to avoid interfering with one another's affairs. *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728–29 (5th Cir. 1985). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.*

Whether the first-to-file rule applies is within the district court's discretion. *Cadle*, 174 F.3d at 603. In order for the rule to apply to transfer or dismiss a case, "the two pending actions [must be] so duplicative or [they must] involve substantially similar issues such that one court should decide the subject matter of both actions." *Granado v. Quality Energy Servs., Inc.*, SA-15-CV-1061-XR, 2016 WL 705228, at *1 (W.D. Tex. Feb. 18, 2016). This inquiry does not require the same legal issues or identity of parties, but instead requires "substantial overlap" between cases. *Int'l Fid. Ins.*

*Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) ("Instead, the crucial inquiry is one of 'substantial overlap.'" (internal citations and quotations omitted)). "Courts have noted that a substantial relationship exists between two suits where the issues, though not identical, are similar enough that the cases would be consolidated if filed in the same [c]ourt." *Rooster Prod. Int'l, Inc. v. Custom Leathercraft Mfg. Co.*, No. CIV.A. SA04CA864XR, 2005 WL 357657, at *2 (W.D. Tex. Feb. 1, 2005) (citing *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir.1997); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 n. 6 (5th Cir.1971)).

## B. Application

The Court concludes the first-to-file rule does not apply here. Based on a comparison of the pleadings in this action and the California action, the Court concludes the issues do not substantially overlap. First, the parties are not the same in this action and the Massachusetts Lawsuit. While the fact TAR is not a party to the Massachusetts Lawsuit is not determinative of the applicability of the first-to-file rule, it is a factor to consider. *See Save Power Ltd.*, 121 F.3d at 951 (stating that complete identity of the parties is not required for transfer but examining "the appropriateness of transfer in view of all the facts of this case" and whether "the missing parties probably could be made parties to the action in [the first-to-file] forum" (citation omitted)).

Furthermore, both TAR and CAR assert different claims concerning different trademarks and different real estate forms. TAR asserts infringement claims concerning its copyrighted forms and its trademarks as well as claims for unfair competition under Texas law. By comparison, CAR asserts infringement claims concerning its sixty-four copyrighted forms and its trademarks while also asserting claims under Massachusetts law. Although both cases contain similar allegations on how PDFfiller infringes on each plaintiff's copyrighted forms and trademarks, the cases do not

substantially overlap because each involves different plaintiffs asserting different intellectual property rights.

Accordingly, the Court exercises its discretion and finds the first-to-file rule does not govern this case.

## II. Transfer under § 1404(a)

### A. Legal Standard

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought...." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Duren v. Barrack*, 376 U.S. 612, 622 (1964)). Because a plaintiff has the privilege of choosing the venue in which to file, the defendant bears the burden of proving a transfer of venue would be "clearly" more convenient for the parties and witnesses and in the interest of justice. *See In re Volkswagen of Am. Inc.*, 545 F.3d 305, 315 (5th Cir. 2008) ("*In re Volkswagen II*"); *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1163 (5th Cir. 1987) ("[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum.").

The preliminary question under § 1404(a) is whether the action "might have been brought" in the destination venue. *In re Volkswagen II*, 545 F.3d at 312. After determining the suit could have been filed in the destination venue, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508

(1974). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*"In re Volkswagen I"*) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws . . . ." *Id.* Although these private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 315.

**B.  Application**

Applying the standards of § 1404(a), transfer is improper as PDFfiller fails to carry its burden to justify transfer. In answer to the preliminary question, the parties do not dispute this action might have been brought in the United States District for the District of Massachusetts. *See* Resp. [#34] at 7–10 (arguing only the private and public interest factors disfavor transfer). Thus, the Court weighs the parties' private interests in convenience and the public interest in the fair administration of justice.

Turning to the private interest factors, the Court finds the majority of these factors disfavor transfer. Most significantly, TAR has identified thirty-three potential witnesses who are not parties to this lawsuit and all of whom reside in Texas. *See* Resp. [#34-2] App. at 8–15 (disclosing the list of TAR's potential witnesses). Thus, the second factor and third private interest factors—availability

of compulsory process to secure the attendance of witnesses and the cost of attendance for willing witnesses—disfavor transfer.

Both parties argue the first factor, the relative ease of access to sources of proof, supports their chosen forum. *See* Mot. [#31] at 8; Resp [#34] at 8. But the Court notes access to evidence seems to equally favor both this Court and the Massachusetts court: TAR claims its documents are more easily accessible in Austin while PDFfiller contends its evidence is located in Massachusetts. Moreover, the Court is unpersuaded by PDFfiller's argument that the fourth factor—other practical problems necessitating a transfer—supports transfer. *See id.* at 9. Although PDFfiller is correct the Massachusetts court is further along in managing the Massachusetts Lawsuit, this case and the Massachusetts Lawsuit concern different intellectual property rights and different claims. Thus, the majority of private interest factors weigh against transfer.

The public interest factors also support denying transfer. First, TAR has cited evidence the median time to trial for civil cases in the District of Massachusetts is longer than in this district. *See* Resp. [#34] at 9 (reporting "the median time to trial for civil cases in the District of Massachusetts was 29.4 months, whereas the median time in the [Western District of Texas] as 20.9 months"). Consequently, the administrative difficulties flowing from court congestion cuts against transfer. Second and most importantly, there are strong local interests favoring maintaining this case. While some of the alleged infringing activity occurred in Massachusetts, TAR is a Texas non-profit concerned with real property rights and transactions in Texas and a professional membership organization for Texas realtors. The copyrighted forms upon which PDFfiller allegedly infringes are designed exclusively for Texas real estate transactions. Third, this Court is more familiar with the law that will govern this case. Although this Court and the Massachusetts court may be equally

familiar with the federal law governing TAR's claims, this Court has greater experience and familiarity with TAR's unfair competition claims under Texas law.[1]

In sum, PDFfiller cannot overcome the strong presumption in favor of TAR's choice of forum as the private and public interest factors disfavor transfer.

### Conclusion

Accordingly,

IT IS ORDERED that Defendant PDFfiller, Inc. (PDFfiller)'s Motion to Transfer Venue [#31] is DENIED.

SIGNED this the 30th day of August 2017.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[1] The parties agree the fourth factor, concerning conflict of laws, is inapplicable here. *See* Mot. [#31] at 9; Resp. [#34] at 10.